FILED
JUN 1 6 2005
JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ADRAIN BRADD,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 02 C 8199

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Petitioner Adrain Bradd (hereinafter, "Bradd") requests the Court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the Court **denies** Bradd's Habeas Corpus Petition.

### I. INTRODUCTION

In May 1997, Bradd was convicted in a jury trial on one count of conspiracy to distribute narcotics in violation of 21 U.S.C. § 846. The Court sentenced him to 292 months in prison. The Seventh Circuit affirmed his conviction on direct appeal. *United States v. Hoover* 246 F.3d 1054 (7th Cir. 2001). The Supreme Court then denied Bradd's petition for *Writ of Certiorari* on November 13, 2001. *Bradd v. United States*, 534 U.S. 1033 (2001).

On November 12, 2002, Bradd filed this Petition asserting seven claims: (1) at sentencing, the government misled the Court as to the scope of the conspiracy's operations during the period

that Bradd was aware of the conspiracy and misled the Seventh Circuit as to the findings of the Court with respect to Bradd's actual participation in the conspiracy; (2) Bradd's sentence exceeded the maximum because he was not convicted by special verdict for each controlled substance at issue; (3) the Court erred by not providing an explicit jury instruction stating that Bradd was excluded from the *Pinkerton* instruction involving his co-defendants; (4) Bradd's sentence exceeded the maximum because the indictment and jury instruction did not specifically charge him with trafficking any certain quantity of narcotics; (5) Bradd's trial and appellate counsel were constitutionally ineffective for failure to sufficiently raise the issues addressed in Claims 1 through 4; (6) the government's practices (see Claim 1) deprived him of a fair sentencing hearing and oral argument on appeal violating his Fifth Amendment due process rights; and (7) the Court erred in allowing in evidence tape recordings that were not sealed immediately.

On November 18, 2002, Bradd filed an amendment to add an eighth claim for appellate counsel's ineffectiveness for failure to argue Bradd's "minor role" in the conspiracy. On February 21, 2003, Bradd filed another amendment to add a ninth claim for appellate counsel's failure to argue sufficiently that the evidence only demonstrated a buyer-seller relationship and not a conspiracy between Bradd and his co-defendants.

## II. DISCUSSION

### A. Time-Barred Claims

Section 2255 provides that claims must be brought within one year from the date on which the judgment of conviction becomes final. Here, the Supreme Court denied *certiorari* on November 13, 2001 and the year ran on November 13, 2002. Bradd's eighth and ninth claims are untimely and therefore denied.

#### 1. *"Minor Role" in the Conspiracy*

Bradd argues that appellate counsel was ineffective in failing to argue that he played only a minor role in the conspiracy and therefore deserved a reduced sentence. The letter accompanying the eighth asserted claim is dated November 13, 2002. However, the filing date is November 18, 2002.

The prisoner mailbox rule establishes that "certain notices or motions of *pro se* prisoners should be considered filed when these are given to prison authorities, rather than when received by the court." *Rutledge v. United States*, 230 F.3d 1041, 1051 (7th Cir. 2000). When the rule applies, courts permit motions to proceed where the petitioner certifies that he deposited the motion in the prison mailbox on or before the relevant deadline. *See Edwards v. United States*, 266 F.3d 756, 759 (7th Cir. 2001). The Seventh Circuit has not extended expressly the rule to motions to amend § 2255 petitions. *See Rutledge*, 230 F.3d at 1051.

Bradd has consistently filed a Certificate of Service affirming the date of mailing for nearly every document submitted in conjunction with the Petition. No such certificate or affirmation exists to confirm the timeliness of this additional claim. Thus, the Court considers the relevant filing date of the eighth claim to be November 18, 2002 and denies the amendment.

### 2. *Buyer-Seller Defense*

Bradd argues that his appellate counsel failed to sufficiently argue a buyer-seller defense. He filed this claim on February 21, 2003. He argues that the amendment is not time-barred because it relates back to Claims 4 and 5.

Where an amendment to a § 2255 claim relates back to the original claim, it may be considered even if filed after the statute of limitations expires. *Rodriguez v. United States*, 286 F.3d 972, 981 (7th Cir. 2002). However, amendments may not be permitted when they "would add a new claim or theory of relief." *Id.*

The ninth claim does not relate back to the original Petition. The buyer-seller defense to which the claim alludes is mentioned only twice in the text of the original petition. Further, the defense does not form a substantive part of the alleged defects in Claims 4 and 5. This argument constitute a new claim and is therefore barred by the one-year statute of limitations.

## B. Issues Decided on Direct Appeal

On direct appeal, the Seventh Circuit addressed Claims 1, 2, 4, and 7 of the Petition. "[I]n the absence of changed circumstances of fact or law, we will not reconsider an issue which was already decided on direct appeal." *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995). Bradd raised arguments relating to Claims 1, 2, and 4 in his appellate brief, where he stated that these issues demanded resentencing. The Seventh Circuit, however, asserted that "[n]one of the other arguments concerning sentencing calls for a reduction." *Hoover*, 246 F.3d at 1062. The Seventh Circuit also explicitly addressed Claim 7 concerning the evidentiary use of the government's tape recordings. *Id.* at 1057. Bradd does not argue that there is any change in law or fact. Therefore, Claims 1 (on sentencing grounds), 2, 4, and 7 are denied.

## C. Prosecutorial Misconduct

Bradd argues that the government attorney lied to the Seventh Circuit at oral argument regarding the Court's finding at sentencing. Specifically, Bradd asserts that: (1) the District Court found that Bradd was "aware" of the conspiracy, but the government attorney stated that the Court found him to have "agreed and embraced" it; and (2) the District Court found that Bradd's awareness lasted for only ten days or two weeks, but the government stated that the Court found him to be aware of the conspiracy "from

November 1993 until its end." Bradd claims that this alleged misconduct prejudiced him on appeal in violation of his Fifth and Sixth Amendment rights.

Allegations of prosecutorial misconduct more commonly are couched in terms of misbehavior at trial. In such cases, a court must inquire "whether the misconduct 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Stewart v. Duckworth*, 93 F.3d 262, 267 (7th Cir. 1996) (quoting *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)). *Darden* provides a useful framework for analysis of Bradd's claims.

Bradd's first awareness argument fails to meet this standard. *Federal Sentencing Guideline* Section 1B1.3 makes no distinction between these two phrases -- the guideline does not depend substantively on either phrase. Thus, Bradd's suggestion that these terms are legally distinct is meritless and the government's use of either phrase did not taint the appellate proceeding or deny him due process.

Bradd's second awareness argument also fails. The Seventh Circuit possessed transcripts and the rest of the trial and sentencing record when considering Bradd's appeal. It was able to compare any of the government's statements in oral arguments to the record and therefore was not "duped" by the government. As such, the alleged misstatement did not taint the proceeding so as to deny Bradd due process. This portion of Claim 1 is denied. Claim 6 is

substantively the same as Claim 1 (differing only in the alleged Constitutional rights violation) and is similarly denied.

## D. The *Pinkerton* Jury Instruction

Bradd argues that the Court erred by not providing an explicit jury instruction stating that Bradd was excluded from the *Pinkerton* instruction that included his co-defendants. Put another way, Bradd contends that because the jury was not told directly that he could not be found guilty for anything but his conspiracy charge, the likelihood of juror confusion was so great that he was impermissibly convicted on a charge for which the jury received no instruction.

Bradd challenges "the sufficiency of the evidence supporting the jury's finding that each defendant was a member of the same conspiracy," known as a "conspiracy variance claim." *United States v. Townsend*, 924 F.2d 1385, 1389 (7th Cir. 1991), *cert. denied*, 112 S.Ct. 596 (1991). However, if the same verdict would have been reached absent the erroneous instruction, then any error resulting from that variance is considered harmless. *Id.* (holding that the variance is immaterial "if a reasonable trier of fact could have found beyond a reasonable doubt the existence of the single conspiracy charged in the indictment"); *United Stated v. Goines*, 988 F.2d 750, 773 (7th Cir. 1994). Thus, Bradd's conviction stands because there was enough evidence to convict him on the conspiracy charge, even with the alleged error in instructions.

"Not every coconspirator must participate in, or even know the details of, every aspect of the conspiracy. It is enough for the government to prove that each knew of the agreement to distribute [narcotics] and joined that agreement." Goines, 988 F.2d at 772. Here, the Seventh Circuit found that "[e]vidence in the record establishes beyond any doubt that the Gangster Disciples distributed (much) more" than the requisite amount or narcotics needed to sustain the conviction, and thus "there is no likelihood that any reasonable jury would have failed to find that each [defendant] is culpable. . . ." Hoover, 246 F.3d at 1058. Accordingly, the government met its burden of proof on the conspiracy charge with respect to Bradd and the alleged variance was indeed harmless. The Court denies Claim 3.

### E. Ineffective Assistance of Counsel

In Claim 5, Bradd argues that his trial and appellate counsel were ineffective for failing to argue the issues presented in Claims 1 through 4. A party claiming ineffective assistance must first demonstrate "that counsel's performance was so deficient that it can be said that counsel was not functioning as the counsel guaranteed to the criminal defendant by the Sixth Amendment." Schaff v. Snyder, 190 F.3d 513, 526 (7th Cir. 1999). Second, the party must show that but for this deficient performance, "the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984).

Bradd's misconduct arguments with respect to the sentencing aspect of Claims 1, 2, and 4 are meritless because those issues were raised and addressed on direct appeal. With respect to the prosecutorial misconduct aspect of Claim 1 and the jury instruction issue in Claim 3, the law does not support Bradd's position on those claims. See Discussion, *supra*. Therefore, Bradd cannot prove ineffective assistance of counsel under the *Strickland* standard and Claim 5 is denied.

### III. CONCLUSION

For the reasons stated herein, Petitioner Bradd's § 2255 Petition is **DENIED**.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Dated: June 16, 2005